UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID A. HORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-2041 (ESH) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF VETERANS AFFAIRS *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff is a United States Veteran residing in the District of Columbia. He sues the Department of Veterans Affairs ("VA") and two District of Columbia-based corporations for "Conspiracy, Fraud, Duress, Denial of [Due Process] Rights, . . . Fraudulent Concealment, False Claims, Intimidation, Personal Humiliation, and Willful Neglect." (Compl. at 1.) He demands $2 million in damages. (*Id*. at 11.) The complaint arises out of alleged conditions of plaintiff's transitional housing between June 2010 and December 2011. (*See id*. at 2.)

VA moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. (Fed. Def.'s Mot. to Dismiss [Dkt. # 8].) The local defendants -- Access Housing, Inc., and Crawford Edgewood Managers, Inc. -- move to dismiss also pursuant to Rules 12(b)(1) and 12(b)(6). (Mot. to Dismiss [Dkt. # 4].) Plaintiff has opposed each motion. (Pl.'s Response Opposing Defendant's Mot. to Dismiss [Dkt.# # 7, 10].)

Upon consideration of the parties' submissions, the Court finds that subject matter jurisdiction is wanting over the claims against VA and, therefore, will grant VA's motion to dismiss under Rule 12(b)(1). The Court further finds that the complaint fails to state a federal

1

claim against the local defendants and, therefore, will grant their motion to dismiss under Rule 12(b)(6).  Pursuant to 28 U.S.C. § 1367(c)(3), the Court will decline to exercise supplemental jurisdiction over plaintiff's remaining tort claims against the local defendants and will dismiss the case.

## BACKGROUND

The prolix complaint is difficult to follow.  Basically, plaintiff alleges that from June 2010 to December 2011, he resided in transitional housing in the District of Columbia that receives funds from VA.  "A selective process is used to identify persons who will be subjected to a manufactured funding source, (maintenance fees) by Defendants."  Plaintiff "lives in squalid living conditions, there are no recognizable services offered that are identified in Defendant's brochure, and VA representatives did not identify this to Plaintiff."[1]  (Compl. ¶¶ 2-3.)  During the intake process, the local defendants "wrongfully" considered plaintiff's Social Security Benefits "as income" and "demanded 30% of [plaintiff's] pay, this on top of VA paying Per Diem . . . on behalf of housing the Plaintiff."  (Id. ¶ 4.)

Plaintiff alleges that defendants "devised schemes through collusion" and "operated a fraudulent scheme that forced [p]laintiff into a sham agreement."  (Id. ¶¶ 3, 6.)  He seems to take issue particularly with the "vague" maintenance fee that amounted to "30% of [p]laintiff's funds."  (Id. ¶ 4.)  According to plaintiff, "[d]efendant's position is that you have to pay the maintenance fees or you will not be allowed to stay at the Transitional Housing Facility, if you have an income no matter how limited."  (Id. ¶ 5.)  As a result, plaintiff states that he "is under duress [and] is not allowed an opportunity to discuss his case with anyone concerning the actions being taken against him . . . ."  (Id.)

---

[1] Although plaintiff's allegations are stated in the present tense, he is seeking monetary damages (as opposed to injunctive relief) for acts or omissions that are presumed to have ended in December 2011.

Plaintiff alleges, among the many and varied wrongs, that the local defendants "barred [his] rights to due process" (*id*. ¶ 6); "made [] and allowed excessive and unwarranted searches of [his] room, under guise of room inspections" (*id*. ¶ 10.); and "roused [him] out of bed at 12 am, and . . . told [him] to submit to a [humiliating] random drug test," after he had taken sleep medication. (*Id*. ¶ 11.) In sum, plaintiff claims that he "suffered many painful and shameful indignities from all [d]efendants, without justification for their actions and or in-actions [sic]," and that defendants "without remorse, failed to honor it's [sic] promise of mission and service to America's Veterans." (*Id*. ¶ 22.) Plaintiff faults VA for failing to provide "proper oversight" and "accountability." (*Id*. ¶¶ 22-23.)

The Federal Defendant's Motion to Dismiss

VA argues that jurisdiction is lacking because plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. (Mem. of P. & A. in Support of Fed. Def.'s Mot. to Dismiss.) The FTCA is the exclusive remedy for seeking monetary damages against the United States for certain torts. *See Jackson v. U.S.*, 857 F. Supp. 2d 158, 161 (D.D.C. 2012) (the FTCA is "the only possible basis for subject matter jurisdiction" over tort suit for damages against the United States) (citing 28 U.S.C. § 1346(b)) (other citation and internal quotation marks omitted). Before filing suit, however, a claimant must exhaust administrative remedies by presenting his claim to the appropriate federal agency and obtaining a written notice of denial of the claim or awaiting the passage of six months without a final disposition. *Jackson*, 857 F. Supp. 2d at 161 (quoting 28 U.S.C. § 2675(a)). The FTCA's exhaustion requirement is "jurisdictional." *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011); *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

In his opposition, plaintiff states that he "pursued an opportunity to officially exhaust any administrative remedies" with both VA and the local defendants. (Pl.'s Opp'n [Dkt. # 10] at 2.) His elaboration, however, refers only to the Freedom of Information Act, which has an exhaustion requirement that is not in any way applicable to the FTCA and, consequently, to this action. Plaintiff has not refuted the sworn statement of VA's declarant that plaintiff "has not previously filed an administrative tort claim against the United States concerning any of the matters stated in this suit." (Decl. of Frank D. Giorno ¶ 3 [Dkt. # 8-1].) Hence, the Court is deprived of jurisdiction over plaintiff's claims against VA.

The Local Defendants' Motion to Dismiss

The local defendants argue that after VA is dismissed, jurisdiction over the claims against them will be "strip[ped]" because they and plaintiff are residents of the District, thereby defeating a requirement of the Court's diversity jurisdiction. (Mem. in Support of Access Housing, Inc. and Crawford Edgewood Managers, Inc.'s Mot. to Dismiss at 3.) The federal courts have original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Plaintiff does not dispute that the local defendants are "both corporations incorporated in the District of Columbia." (Defs' Mem. at 2; *see* Aff. of H.R. Crawford ¶ 3.) Hence, the Court agrees that diversity jurisdiction is lacking.

Plaintiff counters, however, that "this Court has [] jurisdiction to determine rights violations where [his] Constitutional Rights, Statutes, or Codes of Federal Regulations, are in question." (Pl.'s Opp'n [Dkt. # 7] at 1.) Indeed, defendants have either overlooked or ignored plaintiff's inclusion in his laundry list of causes the denial of "procedural due process" (Compl. at 1), and plaintiff's allegation that "[d]efendants barred [his] rights to due process" (*Id.* ¶ 6.) Since this Court has "original jurisdiction of all civil actions arising under the Constitution, laws,

or treaties of the United States," 28 U.S.C. § 1331, it finds that plaintiff has sufficiently rebutted the local defendants' motion to dismiss under Rule 12(b)(1).[2]

Merely mentioning the due process clause, however, does not suffice to maintain a federal claim. Section 1983 of the United States Code provides a cause of action against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia . . . [causes the] deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. By its terms, § 1983 does not apply to the non-governmental entities plaintiff has sued. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, '[o]n the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.' ") (emphasis in original) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985))); *see also Brown v. Wilhelm*, 819 F. Supp. 2d 41, 43 (D.D.C. 2011) (§ 1983 claims "are cognizable against the individual in his or her personal capacity only") (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997)). Hence, the Court will grant the local defendants' motion to dismiss under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court grants VA's motion to dismiss for lack of subject matter jurisdiction and grants the local defendants' motion to dismiss since the complaint fails to state a federal claim. The Court, having dismissed the claims over which it had original

---

[2] This determination does not affect the outcome of the claim against VA because the United States has not consented to be sued for constitutional torts. *See FDIC. v. Meyer*, 510 U.S. 471, 477-86 (1994) (the United States may not be sued under the FTCA for a constitutional tort and federal agencies may not be sued for constitutional deprivations under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)).

jurisdiction, declines to exercise supplemental jurisdiction over plaintiff's tort claims against the local defendants. A separate Order of dismissal accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: April 26, 2013